UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| (1) NOKIA CORPORATION,<br>(2) UNIVERSITÉ DE SHERBROOKE,<br>(3) SIPRO LAB TELECOM INC., and<br>(4) VOICEAGE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>KYOCERA WIRELESS CORP.,<br><br>Defendant. | Civil Action No.:<br><br>2-04CV-76 |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 27 2004

DAVID MALAND, CLERK
By
Deputy

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Nokia Corporation ("Nokia"), Université de Sherbrooke ("Sherbrooke University"), Sipro Lab Telecom Inc. ("Sipro"), and VoiceAge Corporation ("VoiceAge"), for their Complaint of patent infringement against Defendant, Kyocera Wireless Corp. ("Kyocera"), allege as follows:

### THE PARTIES

1. Nokia is a corporation organized under the laws of Finland, having its principal place of business at Keilalahdentie 4, FIN-02150 Espoo, Finland. Nokia operates throughout the United States through its wholly-owned indirect subsidiary Nokia Inc., having its principal place of business at 6000 Connection Drive, Irving, Texas 75039. Nokia Mobile Phones Ltd., along with other business entities, was merged into Nokia. Consequently, Nokia is the successor to all right, title, and interest in and to Nokia Mobile Phones Ltd. relating to the Patents-in-Suit as defined herein.

2. Sherbrooke University is a university organized under the laws of the Province of Québec, having a place of business at 2500, boulevard de l'Université, Sherbrooke, Québec, Canada J1K 2R1.

3. Sipro is a corporation organized under the laws of Canada, having a place of business at 750 Lucerne Road, Suite 200, Montreal, Québec, Canada H3R 2H6.

4. VoiceAge is a corporation organized under the laws of Canada, having a place of business at 750 Lucerne Road, Suite 250, Montreal, Québec, Canada H3R 2H6.

5. On information and belief, Kyocera is a corporation organized under the laws of the State of Delaware, having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.

## JURISDICTION AND VENUE

6. This Complaint arises under the patent laws of the United States (35 U.S.C. § 1 et seq.). Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

7. Kyocera, through various consumer retailers, sells and offers to sell mobile phones in Marshall, Tyler, and Beaumont Texas, including high-speed wireless data service mobile phones, such as the Kyocera phone model 2325. Kyocera's activities in Texas subject it to personal jurisdiction in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND

9. Nokia is engaged in the manufacture and sale of high quality telecommunication equipment, embodied in products such as wireless telephone equipment and other related equipment. As part of its business, Nokia devotes a substantial portion of its financial resources

to the research and development of new products as well as to the improvement of existing products. Nokia also spends substantial sums of money to obtain rights to the intellectual property of others. As a result, Nokia owns or has rights to various intellectual properties.

10. Sherbrooke University educates more than 30,000 students with a teaching staff of more than 2,500 lecturers and professors. Sherbrooke University is recognized for its research, and the quality and the innovative character of its programs of teaching.

11. Sherbrooke University is known for, *inter alia*, its dynamism in research. Over the years, this research has led to major discoveries, several of which have acquired fame enviable in the national and international scientific circles.

12. Dr. Jean-Pierre Adoul and Dr. Claude LaFlamme are two of Sherbrooke University's distinguished researchers. Dr. Adoul's and Dr. LaFlamme's discoveries and inventions have contributed to the viability, feasibility, and efficiency of many of the speech communications systems employed throughout the world.

13. Sipro is engaged in the research and technology development of digital audio compression. Since 1994, Sipro has established a research development partnership with Sherbrooke University, and Sipro is the exclusive licensing agent for Sherbrooke University's ACELP™ (Algebraic Code-Excited Linear Prediction) digital audio compression technology.

14. VoiceAge is engaged in the development, integration, marketing, and licensing of its patent portfolio for technologies, products, solutions and services that operate over either, or both, wired or wireless networks.

15. On August 22, 1995, United States Patent No. 5,444,816 ("the '816 Patent") was duly and legally issued to Université de Sherbrooke for an invention entitled "DYNAMIC

CODEBOOK FOR EFFICIENT SPEECH CODING BASED ON ALGEBRAIC CODES."

Attached as Exhibit A is a true and correct copy of the '816 Patent.

16. On December 23, 1997, United States Patent No. 5,701,392 ("the '392 Patent") was duly and legally issued to Université de Sherbrooke for an invention entitled "DEPTH-FIRST ALGEBRAIC-CODEBOOK SEARCH FOR FAST CODING OF SPEECH." Attached as Exhibit B is a true and correct copy of the '392 Patent.

17. On May 19, 1998, United States Patent No. 5,754,976 ("the '976 Patent") was duly and legally issued to Université de Sherbrooke for an invention entitled "ALGEBRAIC CODEBOOK WITH SIGNAL-SELECTED PULSE AMPLITUDE/POSITION COMBINATIONS FOR FAST CODING OF SPEECH." Attached as Exhibit C is a true and correct copy of the '976 patent.

18. Sherbrooke University is the owner by assignment of all right, title, and interest in and to the '816 Patent, the '392 Patent, and the '976 Patent.

19. Sipro is the exclusive licensee of the '816 Patent, the '392 Patent, and the '976 Patent for certain wireless applications including the IS-95 and cdma2000 communications standards. Sipro has the right to exclusively license the '816 Patent, the '392 Patent, and the '976 Patent for those applications.

20. VoiceAge is the exclusive licensee of the '816 Patent, the '392 Patent, and the '976 Patent for other applications. VoiceAge has the right to non-exclusively license the '816 Patent, the '392 Patent, and the '976 Patent for those applications.

21. Nokia Mobile Phones Ltd. is the exclusive licensee of the '816 Patent, the '392 Patent, and the '976 Patent from Sipro with respect to at least the IS-95 and cdma2000 wireless

4

communications standards. Nokia, as successor-in-interest of Nokia Mobile Phones Ltd., has the right to enforce the '816 Patent, the '392 Patent, and the '976 Patent.

22. On August 31, 1999, United States Patent No. 5,946,651 ("the '651 Patent") was duly and legally issued to Nokia Mobile Phones Ltd. for an invention entitled "SPEECH SYNTHESIZER EMPLOYING POST-PROCESSING FOR ENHANCING THE QUALITY OF THE SYNTHESIZED SPEECH." Attached as Exhibit D is a true and correct copy of the '651 Patent.

23. Nokia, as successor-in-interest of Nokia Mobile Phones Ltd., is the owner by assignment of all right, title, and interest in and to the '651 Patent.

24. The '816 Patent, the '392 Patent, the '976 Patent, and the '651 Patent (collectively "the Patents-in-Suit") cover speech coding features, which are associated, in part, with speech compression in mobile phones.

### KYOCERA'S INFRINGEMENT OF THE PATENTS-IN-SUIT

25. The following counts relate to Kyocera's infringement of each of the Patents-in-Suit.

26. On information and belief, Kyocera has made, used, sold, and offered to sell, and does make, use, sell, and offer to sell, wireless telephone products, including at least the Kyocera phone models 1135, 1155, 2119, 2135, 2235, 2255, 2325, 3225, 3250, 5135, 7135, S14, KE413, KE413C, KE414, KE414C, KX413, KX414, KE433, KE433C, KX433, KE434, KX434, and SE47 among other products (collectively "the Kyocera Phones"), in this District, and elsewhere throughout the United States, without license from either Nokia, Sherbrooke University, Sipro, or VoiceAge under one or more of the Patents-in-Suit.

27. On information and belief, Kyocera's infringement of each of the Patents-in-Suit has been willful and deliberate.

### COUNT I
### KYOCERA'S INFRINGEMENT OF
### UNITED STATES PATENT NO. 5,444,816

28. Paragraphs 1-27 are incorporated by reference herein, as if fully set forth in their entirety.

29. On information and belief, by making, using, selling, and offering to sell the Kyocera Phones, Kyocera has infringed, contributorily infringed, and induced infringement of, and will continue to infringe, contributorily infringe, and induce infringement of, one or more claims of the '816 Patent under one or more of 35 U.S.C. § 271(a), (b), (c), and (f).

30. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '816 Patent, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

31. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '816 Patent, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages, for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

32. By reason of the acts and practices of Kyocera, Kyocera has also caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT II
## KYOCERA'S INFRINGEMENT OF
## UNITED STATES PATENT NO. 5,701,392

33. Paragraphs 1-27 are incorporated by reference herein, as if fully set forth in their entirety.

34. On information and belief, by making, using, selling, and offering to sell the Kyocera Phones, Kyocera has infringed, contributorily infringed, and induced infringement of, and will continue to infringe, contributorily infringe, and induce infringement of, one or more claims of the '392 Patent under one or more of 35 U.S.C. § 271(a), (b), (c), and (f).

35. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '392 Patent, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

36. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '392 Patent, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages, for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

37. By reason of the acts and practices of Kyocera, Kyocera has also caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT III
## KYOCERA'S INFRINGEMENT OF
## UNITED STATES PATENT NO. 5,754,976

38. Paragraphs 1-27 are incorporated by reference herein, as if fully set forth in their entirety.

39. On information and belief, by making, using, selling, and offering to sell the Kyocera Phones, Kyocera has infringed, contributorily infringed, and induced infringement of, and will continue to infringe, contributorily infringe, and induce infringement of, one or more claims of the '976 Patent under one or more of 35 U.S.C. § 271(a), (b), (c), and (f).

40. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '976 Patent, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights.

41. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '976 Patent, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages, for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

42. By reason of the acts and practices of Kyocera, Kyocera has also caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

## COUNT IV
## KYOCERA'S INFRINGEMENT OF
## UNITED STATES PATENT NO. 5,946,651

43. Paragraphs 1-27 are incorporated by reference herein, as if fully set forth in their entirety.

44. On information and belief, by making, using, selling, and offering to sell the Kyocera Phones, Kyocera has infringed, contributorily infringed, and induced infringement of, and will continue to infringe, contributorily infringe, and induce infringement of, one or more claims of the '651 Patent under one or more of 35 U.S.C. § 271(a), (b), (c), and (f).

45. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '651 Patent, Nokia has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights.

46. As a direct and proximate consequence of the acts and practices of Kyocera in infringing one or more claims of the '651 Patent, Nokia has suffered, is suffering, and will continue to suffer injury and damages, for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

47. By reason of the acts and practices of Kyocera, Kyocera has also caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Nokia for which there is no adequate remedy at law, and for which Nokia is entitled to injunctive relief under 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS, in whole or part, pray for the entry of a judgment from this Court:

(a) Declaring that Kyocera has directly infringed, contributorily infringed, and induced infringement of the Patents-in-Suit;

(b) Awarding Plaintiffs damages for Kyocera's infringement of the Patents-in-Suit, together with interest;

(c) Declaring that Kyocera's infringement of the Patents-in-Suit has been and is willful;

(d) Awarding Plaintiffs multiple damages including potential treble damages pursuant to 35 U.S.C. § 284 for willful infringement of the Patents-in-Suit;

(e) Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorney fees, expenses, and costs in this action;

(f) Preliminarily and permanently enjoining Kyocera from further infringement of the Patents-in-Suit; and

(g) Awarding Plaintiffs such other and further relief as this Court may deem to be just and proper.

February 27, 2004

_Carl Roth_
Carl R. Roth (Bar No. 17312000)
The Roth Firm
115 N Wellington
Suite 200
Marshall, Texas 75670-3396
Phone: (903) 935-1665
Fax: (903) 935-1797

Attorney for Plaintiffs
*Nokia Corporation,*
Université de Sherbrooke,
*Sipro Lab Telecom Inc., and*
*VoiceAge Corporation*

Of Counsel:

Thomas R. Jackson (Bar No. 10496700)
Robert W. Turner (Bar No. 20329000)
Michael J. Newton (Bar No. 24003844)
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515
Phone: (214) 220-3939
Fax: (214) 969-5100

Robert T. Tobin
Robert F. Perry
Alexas D. Skucas
Kenyon & Kenyon
One Broadway
New York, New York 10004-1050
Phone: (212) 425-7200
Fax: (212) 425-5288

EXHIBITS NOT SCANNED

ORIGINALS ARE IN THE

CLERK'S OFFICE